IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOEL S. MAGNUSON, ) | No. CV 08-2246-MHM-PHX |
| Plaintiff, ) | **ORDER** |
| v. ) | |
| PERVAIZ AKHTER, M.D., ) | |
| Defendant. ) | |

 Currently before the Court are Joel Magnuson's ("Plaintiff") Motion for Temporary Restraining Order (Dkt. #3) and Motion for Leave to Proceed In Forma Pauperis. (Dkt. #4).

 Based on Plaintiff's representations of poverty and lack of income, the Court will grant Plaintiff's Motion to Proceed In Forma Pauperis.

 On December 9, 2008, Plaintiff filed the instant Motion for Temporary Restraining Order, in which he moves the Court to issue a temporary restraining order transferring him out of the Arizona State Hospital and prohibiting the Arizona State Hospital staff from involuntarily medicating him. (Dkt. #3). Plaintiff alleges that the medication he receives "makes [him] slow and lacidasical [sic] unable to fight off attacks at state hospital." (Id., p.1). Specifically, Plaintiff alleges that on November 10, 2008, he was stabbed repeatedly by two fellow patients at the hospital, after Dr. Akhter refused Plaintiff's request "to be secured in a safe unit for purpose of protection of the two above

mentioned patients." (Id.; Dkt. #1, p.2). Plaintiff states that he now suffers permanent and visible scaring on his face. (Id.). As a result, his Complaint asserts two counts of negligence against Defendant Akhter for involuntary medication and failure to protect/transfer Plaintiff out of the Wick 4 Unit of the Arizona State Hospital. (Dkt. #1). Plaintiff states that he noticed Defendant of this action on January 20, 2009. (Dkt. #7).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." Trachsel v. Buchholz, 2008 WL 2383080, at *2 (N.D. Cal. 2008). The Ninth Circuit has set forth two sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

Taylor v. Westly, 488 F.3d 1197, 1200 (9th Cir. 2007). In addition, "[b]ecause injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." Watermark, Inc. v. United Stations, Inc., 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982).

Here, Plaintiff fails to make a sufficient showing regarding the possibility of irreparable injury. Although Plaintiff alleges that he previously suffered injury, Plaintiff does not allege any imminent or future injury. In addition, it is unclear from Plaintiff's Complaint as to why he is being held at the Arizona State Hospital. That hospital is self-described as treating "the most severely mentally ill persons in our state." See Arizona Department of Health Services, Arizona State Hospital, "Welcomes You ...," http:www.azdhs.gov/azsh. The Court cannot adequately assess the merits of this action or the public interest without obtaining information concerning Plaintiff's confinement at the Arizona State Hospital. The allegations contained in the Complaint regarding

- 2 -

1 Defendant's alleged negligence are insufficient to support a finding of probable success
2 on the merits in Plaintiff's favor.  Likewise, without knowing the circumstances
3 surrounding Plaintiff's placement or transfer into the Arizona State Hospital or the Wick
4 4 Unit of the Hospital, and the circumstances surrounding Plaintiff's medication, the
5 Court cannot address the issue of whether serious questions have been raised.  Therefore,
6 the Court finds that a Temporary Restraining Order is inappropriate at this time.

7 Accordingly,

8 **IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining
9 Order (Dkt. #3) is DENIED.

10 **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed In
11 Forma Pauperis (Dkt. #4) is GRANTED, without prepayment of costs or fees or the
12 necessity of giving security therefore.  Service by waiver or of the summons and
13 complaint on the defendants by the U.S. Marshal or his authorized representative shall be
14 at government expense.

15 **IT IS FURTHER ORDERED** that Defendant shall have twenty (20) days from
16 the date of service by waiver or of the summons and complaint by the U.S. Marshal or his
17 authorized representative to respond to Plaintiff's Complaint.

18 DATED this 26th day of January, 2009.

_____
Mary H. Murguia
United States District Judge